I t PLOTKIN, Judge,
dissenting in part and concurring in part.
The discovery misconduct and trial surprise by the State entitles defendant Calvin Celestine to a new trial.
All of the pretrial evidence unquestionably places defendant Celestine as a passenger only in the white car. The initial police report prepared by Officer Franklin refers to the unidentified driver of the white car, who declared that the occupants of the black car were shooting at them. In response to a pretrial discovery motion, the State denied that the defendant Celestine made any statements. At the motion hearing, Officer Franklin testified that he did not know the identity of the driver of white car and the prosecution said that the driver of the white car was not charged with any crime. Furthermore, he unequivocally testified that he was unable to recall who was driving the car at the time of the arrest; he also failed to identify defendant Celestine as the driver. As a result of this testimony, the defendant’s motion to suppress was denied as moot.
On the morning of trial, the State filed, for the first time, a “Notice of Intention to Use Confession,” that referred to alleged inculpa-tory statements made by defendant Celes-tine. The defense objected, and the State amended the notice to refer to statements made by the driver of the white car only.
At trial, Officer Franklin changed his testimony. He stated, for the first time, that Celestine was the driver of the white car, rather than an occupant in the car. The effect of this testimony was to make Celes-tine a direct participant in the crime.
No one testified that they observed Celes-tine discharge a weapon. No scientific evidence was presented to prove that the defendant’s fingerprints were on any of the weapons or casings found in the car, or that the police found powder or residue evidence on his body or anything else to indicate that he had discharged a firearm.
hCelestine’s pretrial strategy was to argue that the State failed to prove beyond a reasonable doubt that he discharged a firearm because there was no evidence to support the charge. He could have argued believably, without taking the stand, that the other occupants fired the weapons and that the State failed to prove their case against him. That tactic failed when Officer Franklin revised his testimony and identified Celestine as a direct participant in the crime. This testimony forced Celestine to take the stand, deny his participation, and take the risk that the jury would learn about his prior conviction. The revised State’s testimony was the only evidence to convict the defendant of the crime of illegal discharge of a firearm.
The jury trial judge and my colleagues have all expressed their outrage in this senseless crime. I join them in their expressions. However, after reviewing this record, I find the evidence, as to this defendant, constitutionally insufficient to support his conviction of the crime of illegal use of weapons by discharging or attempting to dis *1231 charge a firearm from a motor vehicle located on a public highway. My conclusion is based on the following facts: Officer Franklin, who was the most active participant in the arrest, failed to identify Celestine as the driver of the white car in the August 27,1992 police report, the State denied that Celestine made any statements to the police; Officer Franklin testified on February 19, 1998 that he was unable to identify the driver of the white car. The cumulation of this evidence is sufficient to raise a reasonable doubt concerning Celestine’s guilt in any rational fact-finder’s mind. The lack of any corroboration that Celestine fired any weapon also contributed to that conclusion.
When Officer Franklin dramatically changed the substance of his testimony, without any explanation offered by the State or the witness, the jury was forced into a compromise verdict because of the presence of the defendant inside the car at the time the firearms were discharged. “Under our system of criminal justice even a thief is entitled to complain that he has been unconstitutionally convicted and imprisoned as a burglar.” State v. Mussall, 523 So.2d 1305 (La.1988).
La.C.Cr.P. art. 716 et seq. permits the defendant sufficient notice of each inculpato-ry statement; that rule is designed to give the defendant a fair opportunity to prepare a thorough defense at trial. State v. Jackson, 450 So.2d 621, 630 (La.1984). It is further intended to eliminate any unwarranted prejudice which could arise from surprise ^testimony. State v. Hardy, 622 So.2d 858 (La.App. 4th Cir.1993). The State’s failure to comply with discovery procedures which result in prejudice to the defendant constitutes reversible error. State v. Helaire, 496 So.2d 1322, 1324 (La.App. 3rd Cir.1986), writ denied 503 So.2d 13 (La.1987). However, such failure to comply does not automatically require such a reversal. Id. at 1324.
In this case, the pretrial evidence and responses of the State and its witness misled and ambushed the defendant at trial. The fact that the jury was aware of Officer Franklin’s inconsistent testimony is irrelevant. The effect was prejudicial and harmful to Celestine, because he was required to take the stand and deny that he was the driver and to risk exposing his prior criminal record. This, in turn, caused the jury to enter into a compromise verdict of attempted illegal discharge of a firearm, a verdict that is inconsistent with all of the evidence in this case.
Accordingly, I would reverse Celestine’s conviction, suppress Franklin’s statements, and order a new trial. In all other respects, I concur.